(60 Misc. Rep. 467.)

JOHNSON v. VICTORIA CHIEF COPPER MINING & SMELTING CO. et al.

(Supreme Court, Special Term, New York County.   September, 1908.)

1. PLEADING (§ 276*)—SUPPLEMENTAL PLEADING—RIGHT TO PLEAD.

It is almost a matter of course to permit a supplemental complaint where facts occurring after the original complaint entitle plaintiff to more extensive relief, and the objection that the facts do not entitle plaintiff to the relief sought cannot be considered on such a motion for leave.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 833, 834; Dec. Dig. § 276.*]

2. ABATEMENT AND REVIVAL (§ 3*)—OBJECTIONS TO JURISDICTION—ON MOTION FOR LEAVE TO FILE—SUPPLEMENTAL PLEADING—RIGHT TO PLEAD.

The objection that the court has no jurisdiction because defendant is a foreign corporation cannot be entertained on a motion for leave to serve a supplemental complaint.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 7, 8; Dec. Dig. § 3.*]

Action by William L. Johnson against the Victoria Chief Copper Mining & Smelting Company and others.   Plaintiff moves for leave to serve a supplemental complaint.   Motion granted.

See, also, 112 N. Y. Supp. 346.

Hornblower, Miller & Potter (Charles A. Boston, of counsel), for plaintiff.

M. E. Harby, for defendants Victoria Co., Hopper, Bigelow, and Dickinson.

ERLANGER, J.   The facts are sufficiently stated in the memorandum written in this case on the motion for an injunction.   Johnson v. Victoria Chief Copper Mining & Smelting Company, 60 Misc. Rep. 464, 113 N. Y. Supp. 1021.   An application is now made for leave to serve a supplemental complaint in addition to the amended complaint heretofore served, setting up the facts which arose since the service of the amended complaint in reference to the New Mexico action commenced by the Victoria Company, and asking for injunctive relief in addition to and supplementing the prayer for judgment contained in the present complaint.

It is quite apparent that the plaintiff has not been guilty of laches in seeking this relief.   It is almost a matter of course to permit the service of a supplemental complaint where the facts occurring after

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the complaint was served entitle the complainant to more extensive relief. Latham v. Richards, 15 Hun, 129–131. I cannot on this application consider whether the facts entitle the plaintiff to the relief sought. The plaintiff is entitled to his day in court, and the merits of the controversy are not before me on this motion. Bell Telephone Co. v. Home Telephone Co., 52 App. Div. 13–17, 64 N. Y. Supp. 821; Mitchell v. Allen, 25 Hun, 543.

Neither can I entertain the objections at this time that the court has not jurisdiction of the action because the defendant is a foreign corporation. Johnson v. Adams Tobacco Co., 14 Hun, 89. The motion for leave to serve the supplemental complaint should be granted on the payment of costs to date. Varriale v. Metropolitan St. R. Co., 54 App. Div. 633, 66 N. Y. Supp. 559; Cogan v. Metropolitan St. R. Co., 54 App. Div. 632, 66 N. Y. Supp. 1129.

The motion, so far as injunctive relief is sought, having been withdrawn pending the disposition of this motion, is not considered.

Motion granted on payment of costs.